IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHERINE YANG : CIVIL ACTION
:
v. :
:
STATE FARM MUTUAL AUTOMOBILE : NO. 13-CV-2725
INSURANCE COMPANY, et al.

## MEMORANDUM

Ditter, J. November 21, 2013

Plaintiff, Catherine Yang, has filed this action against two separate insurance companies to recover medical expenses and other damages she allegedly incurred while injured in two separate motor vehicle accidents. The first accident took place in 2009 in Pennsylvania when Yang was insured by Liberty Mutual Fire Insurance Company. The second accident occurred in 2011 in New Jersey when she was insured by State Farm Mutual Automobile Insurance Company.[1] Before me are the motions filed by both defendants to dismiss plaintiff's complaint for failure to state a claim. I will grant the motions as to plaintiff's claims for punitive damages and deny them as to the rest of her claims.

I. **BACKGROUND**

According to the complaint, Yang was injured on January 8, 2009, when she "fell while exiting a motor vehicle." *Compl.* ¶ 4. Plaintiff later sought medical treatment for her injuries. Yang alleges that at the time of the incident she was insured under an automobile insurance policy with Liberty Mutual. *Id.* ¶ 5.

---

[1] Plaintiff filed a complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, on March 21, 2013. The action was removed to this court on May 17, 2013.

Yang contends that defendant Liberty Mutual is obligated to provide payment for necessary medical expenses related to the above-mentioned incident under the Pennsylvania Motor Vehicle Financial Responsibility Law, ("MVFRL"), 75 Pa. C.S.A. §§ 1701 *et seq*. *Id.* ¶ 9. According to Yang's complaint, Liberty Mutual has not made payments "up to the limits of first party medical coverage available under its policy listed herein."[2] *Id.* ¶ 10. Yang further claims that she has incurred costs in seeking payment and her credit may have been adversely affected. *Id.* ¶ 12. Moreover, she alleges that Liberty Mutual's "failure to make payment of Plaintiff's medical expenses is wanton, wrongful, baseless, and an infringement of Plaintiff's rights." *Id.* ¶ 11.

Consequently, pursuant to Count 1 of her complaint, Yang is seeking $25,746.78 from Liberty Mutual plus any additional unpaid medical bills, treble damages, punitive damages, 12 percent interest, costs, and attorneys' fees. Count 2 of Yang's complaint is a request for declaratory judgment against Liberty Mutual for its denial of coverage.

In Count 3, Yang alleges that, on March 24, 2011, while she was operating a motor vehicle in in Cherry Hill, New Jersey, it was involved in a head-on collision with another vehicle. *Compl.* ¶ 6. As a result, Yang "suffer[ed] injuries for which she sought medical treatment." *Id.* Yang alleges that at the time she was insured under a policy with State Farm and she made a claim under the policy. *Id.* ¶ 7.

Pursuant to the MVFRL, Yang is seeking payment of her "reasonable and necessary medical expenses" incurred with respect to the second accident "up to the limits of first party medical coverage available under [the] policy" that she claims have not been paid by State Farm. *Id.* ¶¶ 19-20. Yang also alleges that she has incurred costs in seeking this payment and her credit

---

[2] A copy of plaintiff's policy was not attached as an exhibit to the complaint, nor was it submitted to me as part of the parties' briefing on the motion to dismiss.

may have been adversely affected. Furthermore, she alleges that State Farm's "failure to make payment of Plaintiff's medical expenses is wanton, wrongful, baseless, and an infringement of Plaintiff's rights." *Id.* ¶ 21. Yang is seeking $25,641.78[3] from State Farm plus any additional unpaid medical bills, treble damages, punitive damages, 12 percent interest, costs, and attorneys' fees. Count 4 of Yang's complaint is a request for declaratory judgment against State Farm for its denial of coverage.

## II.  STANDARD OF REVIEW

The standard of review for a motion to dismiss is well established. Under Federal Rule of Civil Procedure 12(b)(6) a complaint shall be dismissed for failure to state a claim upon which relief can be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party.

## III.  DISCUSSION

At the outset, I note that I am analyzing the sufficiency of Yang's claims against both defendants as pled under Pennsylvania law, as her complaint indicates that she is pursuing claims for equitable relief and damages under the MVFRL. *See Compl.* ¶¶ 9, 13, 19, 23. I will defer any decision on the applicability of the New Jersey automobile insurance statute, or the "deemer" statute, as to the second accident and whether that law has any effect on Yang's available remedies against State Farm, until the record in this case has been further developed.

The MVFRL allows an insured to bring an action challenging "an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise . . . ." 75 Pa.

---

[3] Plaintiff's claims for damages are two separate claims despite the similarity of their amounts, i.e. $25,746.78 and $25,641.78.

C.S.A. § 1797(b)(4). If the court determines that the medical treatment or services were "medically necessary," then the insurer must pay the "outstanding amount plus interest at 12%, as well as the costs of the challenge and all attorney fees." *Id.* § 1797(b)(6). Moreover, "[c]onduct considered to be wanton shall be subject to a payment of treble damages to the injured party." *Id.* § 1797(b)(4). Section 1797 of the MVFRL does not provide for punitive damages.

Yang does not plead a separate bad faith claim in her complaint, yet she contends in her responsive brief that she is entitled to punitive damages under the Pennsylvania bad faith insurance statute, 42 Pa. C.S.A. § 8371, on the basis of the insurers' denial of benefits. *See, e.g.*, *Pl.'s Resp. to Liberty Mutual Mot. Dismiss* at 4-5. The bad faith statute provides for an award of interest equal to the prime rate of interest plus 3 percent, punitive damages, and costs and attorney fees, if the court finds that the insurer acted in bad faith. A claim for statutory bad faith has two elements: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Walters v. State Farm Mutual Auto. Ins. Co.*, No. 10-4289, 2011 WL 2937417, at *5 n.4 (E.D. Pa. July 21, 2011).

To the extent her complaint could be read to assert a claim of bad faith, Yang's allegations are of the sort that would be preempted by § 1797 of the MVFRL. *See Gemini Physical Therapy and Rehab., Inc. v. State Farm Mutual Auto. Ins. Co.*, 40 F.3d 63, 67 (3d Cir. 1994) (predicting that the Pennsylvania Supreme Court would rule that because the two statutes cannot be reconciled, as they provide for different damages and rates of interest for essentially the same conduct, and they were enacted at the same time, the more specific provisions of § 1797 of the MVFRL "must be deemed an exception to the general remedy for bad faith contained in 42 Pa. C.S. § 8371") (citing *Barnum v. State Farm Mutual Auto. Ins. Co.*, 635 A.2d

155, 158-59 (Pa. Super. Ct. 1993); *Walters*, 2011 WL 2937417, at *5 ("Section 1797 preempts Section 8371 where both are applicable [when an insured is asserting a denial of first party benefits]; but where an insurer's malfeasance goes beyond the scope of Section 1797, courts have reconciled the two statutes and found bad faith claims to supplement claims under Section 1797.") (internal citations and quotations omitted).

Because the "gravamen of Plaintiff's bad faith claim is the denial of first party medical benefits and nothing more," the defendants' alleged conduct is within the scope of § 1797 of the MVFRL and therefore Yang is precluded from bringing a bad faith claim. *See Walters*, 2011 WL 2937417, at *6. Thus, Yang's claims for punitive damages against both defendants must be dismissed.[4]

With respect to her remaining claims against Liberty Mutual and State Farm, Yang has set forth the dates of the incidents at issue, what she alleges occurred, and that she was injured as a result. Yang alleges that she was insured by the defendants at the time and that she made claims for coverage. She further alleges that both providers refused to make payment of her reasonable and necessary medical expenses, and that such failure to pay was "wanton, wrongful, baseless, and an infringement of Plaintiff's rights." *Compl.* ¶¶ 11, 21. This is sufficient to support plaintiff's claims against Liberty Mutual and State Farm at this early stage, and defendants' demands for information related to the specific providers, services, and bills, are properly addressed through the discovery process. Therefore, I am not granting the defendants' motions to dismiss on the grounds that plaintiff has provided insufficient information.

In sum, defendants' motions to dismiss will be granted as to plaintiff's claims for punitive damages and denied in all other respects. An appropriate order will follow.

---

[4] Dismissal of Yang's claim for punitive damages against State Farm is warranted regardless of whether the New Jersey deemer statute is applicable. The deemer statute does not provide for punitive damages and plaintiff cites no other source for the award of punitive damages other than the Pennsylvania bad faith statute.